UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROBERT EARL HARDIMAN, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00057 SRC |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

This closed civil matter is before the Court upon plaintiff Robert Earl Hardiman's motion to amend his complaint. After reviewing Hardiman's motion in its entirety, the Court denies the motion.

**Background**

Hardiman, an inmate at Moberly Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983 on September 24, 2020. He named the following individuals and entities as defendants in this action: the Missouri Department of Corrections (MODOC); the Missouri Board of Probation and Parole; Anne Precythe, the Director of MODOC; and Peg McClure, the Assistant Division Director of MODOC. He sued defendants in their official capacities only.

Hardiman was convicted in Jackson County, Missouri, in 2014. He asserted that Judge Burnett, his sentencing judge, unlawfully ordered the Missouri Department of Probation and Parole to present a false and "perjured" prior probation completion assessment report against him at his plea hearing. Hardiman stated that this report allegedly showed violations of his probation that he had committed during his Suspended Imposition of Sentence (SIS). However, the "false report" did not apply "to the assault and armed criminal action charges that he was ultimately

found guilty of in violation of double jeopardy." Hardiman alleged that ultimately, he was wrongfully found guilty, convicted and sentenced to fifteen years' of imprisonment at the Missouri Department of Corrections for "standing his ground" against an individual who was participating in a "mass organized disobedience."

Hardiman stated that while in the Missouri Department of Corrections, he was subjected to "foul housing conditions, harassed, assaulted and denied recreation, rehabilitation and other activities." He also alleged that he was unlawfully kept in quarantine and lockdown due to positive cases of COVID-19 during the pandemic. Hardiman complained that he did not feel properly protected by defendants during the pandemic, but he failed to indicate in his complaint why he believed this to be the case. Notably, he complained that he was not released from custody during the pandemic. Hardiman sought damages in an amount of $750,000, as well as release from his conviction, or clemency.

On May 27, 2021, the Court dismissed Hardiman's complaint for frivolousness and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Hardiman's allegations against the individual defendants, who were employed by the Missouri Department of Corrections, were subject to dismissal because he had sued them in their official capacities. State officials sued in their official capacities are suits against the entities for which the official is an agent. *Elder-Keep v. Aksamit,* 460 F.3d 979, 986 (8th Cir. 2006). However, 42 U.S.C. § 1983 only allows for actions against "persons" for a violation under color of law of another's civil rights. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for

damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983").

Hardiman's allegations against the Missouri Department of Corrections and the Missouri Board of Probation and Parole failed to allege an unlawful policy or custom by the Missouri Department of Corrections, and therefore could not sustain a claim for relief. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (liability of a government entity may attach if the alleged constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise); *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Furthermore, the Court found that even if Hardiman had brought claims against the defendants in their individual capacities, he still could not state claims for relief, as he had failed to establish a causal link to the alleged deprivation of rights asserted in his complaint. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Rather, he appeared to be asserting claims for vicarious liability which is unavailable under 42 U.S.C. § 1983. *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995).

Hardiman had also failed to satisfy both the objective and subjective elements of an Eighth Amendment conditions of confinement claim. Instead, he described his housing conditions in a conclusory manner, in one generalized statement, that was insufficient to set forth a claim for relief. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019). And Hardiman's allegations that he was confined to quarantine during the COVID-

19 pandemic were not per-se unconstitutional, as measures must be taken to contain the spread of disease. *See DeGidio v. Pung,* 920 F.2d 525, 533 (8th Cir. 1990).

Lastly, Hardiman's assertions regarding his alleged errors in his state court sentencing assessment, from July of 2014, were time-barred. *Sulik v. Taney County, Mo.,* 393 F.3d 765, 766–67 (8th Cir. 2005); Mo.Rev.Stat. § 516.120(4).

**Motion to Amend Complaint**

In his motion to amend his complaint, Hardiman asserts that he "did not realize [he] did not file the defendants correctly." He states, "I understand [this] can be adjusted by the court of law." Hardiman is presumably referring to the official capacity claims he asserted against defendants.

He also asserts that he is now sharing a cell with a "dangerous offender." Hardiman asserts that he wishes to "adjust his demand,"[1] but also "correct his complaint" as to capacity. He further asserts that he never wished to sue the Director of the Missouri Department of Corrections or the Assistant Director of the Missouri Department of Corrections. Rather, he only wanted to sue the Missouri Department of Corrections and the Missouri Board of Probation and Parole.

Hardiman also asserts he believes the Judge in his state court action is responsible for a form of "double jeopardy" in a sentencing matter to the Missouri Department of Corrections.

**Discussion**

Although a district court "should freely give leave [to amend] when justice so requires, Fed. R. Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend" a

---

[1]Hardiman states that he wishes to adjust his demand to "no period of time to be paid the amount [he] asked for, but to be paid directly to [him]." This change in his request for relief has no bearing on whether he is entitled to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a).

complaint. *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). Moreover, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823; *see also In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored."). Lastly, to preserve the right to amend the complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted).

Hardiman failed to attach a proposed amended complaint to his motion to amend, and for this reason alone, the Court denies his post-dismissal motion. Moreover, although Hardiman has proposed bringing claims against defendants in their individual capacities, the Court addressed his claims against defendants in their individual capacities in its May 27, 2021 Memorandum and Order, and found that he failed to sufficiently allege those claims.

Furthermore, the Court has already addressed the futility of Hardiman's § 1983 claims relating to alleged errors in his sentencing assessment which purportedly occurred prior to his state court criminal case in July of 2014. Hardiman has not purported to change his allegations relating to this claim for relief from those already plead in his original complaint.

To that end, the Court finds that Hardiman's motion to amend his complaint would be futile and not taken in good faith.

Accordingly, the Court denies Hardiman's post-dismissal [13] post-dismissal motion for leave to amend his complaint. The Court further orders that an appeal from this dismissal would not be taken in good faith.

So Ordered this 12th day of July, 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**